George James Vrabeck (SBN:  206195)
gvrabeck@vrabeck.com
**VRABECK & ASSOCIATES, INC.**
2618 San Miguel Drive
Suite 1551
Newport Beach, CA 92660
Phone: 646 504 0159

Attorney for Plaintiff JANE DOE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>               Plaintiff,<br><br>   vs.<br><br>TREMAINE ALDON NEVERSON "aka" Trey Songz, an individual, TREY SONGZ PRODUCTIONS, LLC, a Delaware Limited Liability Company, KEVIN LILES, an individual, ATLANTIC RECORDS GROUP, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No.  2-23-cv-04275<br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL**<br><br>[CIVIL UNLIMITED]<br>(Amount Demanded Exceeds $75,000) |

Plaintiff JANE DOE ("Plaintiff"), brings this Complaint against Defendants TREMAIN ALDON NEVERSON "aka" Trey Songz ("DEFENDANT SONGZ"), TREY SONGZ PRODUCTIONS, LLC ("Songz Productions"), KEVIN LILES ("Defendant Liles"), ATLANTIC RECORDS GROUP, LLC ("Atlantic Records"), and DOES 1 through 50, inclusive, (collectively, "Defendants"), allege as follows:

## **INTRODUCTION**

1.      On information and belief, Defendants have known that DEFENDANT SONGZ has a proclivity for sexually abusing and/or assaulting women for many years.  DEFENDANT SONGZ has been publicly accused of abuse by no less than 12 women.  On information and belief, Defendants have done nothing to correct or control DEFENDANT SONGZ's unusual sexual and abusive proclivities.

2.      Plaintiff is a survivor of sexual abuse, sexual battery, and assault at the hands of DEFENDANT SONGZ.  Abuse that occurred at a DEFENDANT SONGZ performance.  On information and belief, Plaintiff is also a victim of Atlantic Records' and Defendant Liles' egregious lack of supervision of DEFENDANT SONGZ while at performances, and complete disregard for the safety of those who attend events where DEFENDANT SONGZ performs. Performances for which Defendants generate profit while putting their female customers, like Plaintiff, at extreme risk.

3.      As a result of the Defendants' abuse and disregard for Plaintiff's safety at a DEFENDANT SONGZ performance, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and will continue to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and will sustain

loss of earnings and earning capacity, and/or has incurred and/or will incur expenses for medical and psychological treatment, therapy, and counseling.

## **PARTIES**

4.       Plaintiff is an individual who resides and is domiciled in Texas. At all times relevant, Plaintiff was over the age of 18.

5.       DEFENDANT SONGZ, an individual adult male at all times herein alleged, is domiciled in Los Angeles County, California.  DEFENDANT SONGZ has purposely availed himself of the privilege of doing business in California.

6.       Songz Productions is a Delaware, LLC that is authorized to do, has regularly done, and is doing business in the State of California, under and by virtue of the laws of the State of California.

7.       Defendant Liles is an individual who is domiciled in New York, has regularly done, and is doing business in the State of California, under and by virtue of the laws of the State of California.

8.       Atlantic Records is a Delaware, LLC that is authorized to do, has regularly done, and is doing business in the State of California, under and by virtue of the laws of the State of California.

9.       On information and belief, Plaintiff alleges that the true names and capacities, whether individual, corporate, associate or otherwise, DOES 1-50, inclusive are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will amend the Complaint to allege their true names and capacities when such have been ascertained.  Upon information and belief, each of the said Doe Defendants is responsible in some manner under Cal. Civ. Pro. Code §340.16 for the sexual battery herein alleged, and were a legal cause of the sexual

assault, negligence, and intentional infliction of emotional distress which resulted in injury to the Plaintiff as alleged herein.

10.     On information and belief, Plaintiff alleges that DEFENDANT SONGZ, Songz Productions, Defendant Liles, and Atlantic Records are responsible in some manner under Cal. Civ. Pro. Code §340.16 for the sexual assault herein alleged and were a legal and proximate cause of the sexual battery, sexual assault, negligence, and intentional infliction of emotional distress which resulted in injury to the Plaintiff as alleged herein.

11.     On information and belief, at all times mentioned herein, there existed a unity of interest and ownership among Defendants, and each of them, such that any individuality and separateness between Defendants, and each of them, ceased to exist. Defendants, and each of them, were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated, and operated each other without any separate identity, observation of formalities, or other manner of division.  To continue maintaining the façade of a separate and individual existence between and among Defendants, and each of them would allow Defendants to perpetrate fraud and an injustice.

12.     At all times mentioned herein, Defendants, and each of them, were the agents, representatives and/or employees of each and every other Defendant.  In doing the things hereinafter alleged, Defendants, and each of them, were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants, and each of them, were the managers, trustees, partners, servants, joint venturers, shareholders, co-conspirators, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that

said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiff.

## JURISDICTION AND VENUE

13.     The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  The Court has supplemental jurisdiction of the related state law claim(s) pursuant to 28 U.S.C. § 1367.  Exercising supplemental jurisdiction would not violate the jurisdictional requirements of 28 U.S.C. §1332.

14.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).  While the events giving rise to this claim occurred on the Mashantucket Pequot Tribal Nation reservation located in Connecticut, a Defendant resides in this district and/or each Defendant either is found, maintains offices, transacts business, exists, and/or has an agent in this district.

15.     This action is timely under California Code of Civil Procedure §340.16, as amended by Assembly Bill 2777, as it is filed within three years of January 1, 2023.  Plaintiff's attorney has filed a declaration stating that he has reviewed the facts of the case and consulted with a mental health practitioner and has concluded upon the basis of this review that the claim value is more than $250,000, pursuant to the requirements of Cal. Civ. Pro. Code §340.16.

16.     Jurisdiction and venue are proper.

//

## FACTUAL ALLEGATIONS

17.   On April 25, 2013, Plaintiff attended "Foxwoods Liquid Sundays with Trey Songz" (the "Event") located at the Mashantucket Pequot Tribal Nation's Foxwoods' Resort Casino located on the Mashantucket Pequot Tribal Nation reservation in Connecticut.

18.   For the five years preceding the Event, Plaintiff worked as a business analyst for a liquor distributor in Connecticut. While at the Event, Plaintiff, along with friends and work colleagues, entered the Bacardi Grey Goose Vodka tent (the "Tent") to chat. As the featured Event performer, DEFENDANT SONGZ had unlimited access to every area at the Event and was in the Tent when Plaintiff entered.   Plaintiff had never met DEFENDANT SONGZ before but thought it might be fun to politely take a picture with DEFENDANT SONGZ in the background.

19.   Once DEFENDANT SONGZ was a few feet behind Plaintiff in the Tent, Plaintiff's work colleagues set up to take a picture. One of her friends decided to take a video.  Next, DEFENDANT SONGZ shockingly came up behind Plaintiff, ripped back her bathing suit top, grabbed her breasts, and exposed them to everyone in the Tent.  Plaintiff, while nervously laughing to mask her shock and humiliation, immediately pulled her top back on and prepared for another assault, holding her arm over her chest for an extended period.

20.   DEFENDANT SONGZ, in what appeared to be an attempt to further terrify and humiliate Plaintiff, followed the assault with a degrading chant, "Titty in The Open … Titty in The Open."  DEFENDANT SONGZ used his role, status, and power as the headline performer at the Event, famous R&B singer, and Atlantic Records' celebrity recording artist to gain access to and sexually abuse and assault Plaintiff during the Event.

21.   Shocked, humiliated, and confused, Plaintiff remained quiet during the rest of the Event, as several of her co-workers tried to console her.

22.     At her hotel that evening, Plaintiff spent extra time in the shower feeling ashamed and embarrassed.  Her mind raced with anxiety as Plaintiff dreaded seeing her work colleagues the next day.  After returning to work, Plaintiff could not stop thinking about the sexual abuse, constantly wondering which work colleagues saw her exposed breasts.  Plaintiff left her promising career and employer a few short months later.

23.     Shortly after leaving her job, Plaintiff, a lifelong resident of Connecticut and only child who lived with her then-single mother, left the state and moved as a way to "escape everything she was feeling."  Within a short time after moving, Plaintiff's mother was diagnosed with a rare form of cancer and died two months later.

24.     Upon information and belief, Plaintiff alleges that DEFENDANT SONGZ, either acting in his individual capacity and/or through SONGZ PRODUCTIONS is aware or should have been aware of his abusive sexual proclivities.

25.     On information and belief, Plaintiff alleges that at all times relevant Defendant Liles whether as an individual and/or through KWL Enterprises, LLC and/or its successor corporation 300 Entertainment, LLC managed DEFENDANT SONGZ's career as a music artist.  In describing the difference between being a talent manager and a business manager Defendant Liles stated, "With management, you're a parent and even a pastor in some sense. You're dealing with everything, not just one or two sides of their business, so I find myself really being what I am to my family: stability, a foundation and an ear to bend when they're going through something." [1]  On information and belief, Defendant Liles knew or should have known about DEFENDANT SONGZ's abusive sexual proclivities.

26.     Upon information and belief, Defendant Liles sat in a position of authority with DEFENDANT SONGZ.  Upon information and belief, Defendant Liles had significant influence

---

[1] 300 Entertainment's Kevin Liles on Keeping Artists and Staff Inspired During Tough Times, Variety March 8, 2020.

over DEFENDANT SONGZ'S behavior; had significant influence in providing opportunities for DEFENDANT SONGZ, and participated in making decisions over DEFENDANT SONGZ, career, performances, and music choices.

27.    Upon information and belief, Defendant Liles had control over and a special relationship with DEFENDANT SONGZ.  Upon information and belief, Defendant Liles failed and refused to control DEFENDANT SONGZ's unlawful behavior toward women.

28.    On information and belief, Plaintiff alleges that at all times relevant Atlantic Records operated as DEFENDANT SONGZ's record label, managing and promoting DEFENDANT SONGZ's career as a music artist.

29.    Upon information and belief, Atlantic Records had a special relationship with DEFENDANT SONGZ.  Atlantic Records had the ability and financial motivation to control, direct, supervise, and instruct DEFENDANT SONGZ's behavior, music releases, performances, and other promotional efforts to protect its own investment in DEFENDANT SONGZ.

30.    Upon information and belief, Atlantic Records had the ability to terminate DEFENDANT SONGZ and/or discipline DEFENDANT SONGZ if DEFENDANT SONGZ's personal behavior at DEFENDANT SONGZ's performances was not advancing Atlantic Records' interest and working towards the goal of maximizing its investment. Upon information and belief, Atlantic Records failed and refused to address DEFENDANT SONGZ's unlawful behavior toward women.

31.    As a direct and proximate result of the sexual assault, harassment and abuse committed against the Plaintiff by DEFENDANT SONGZ, Plaintiff has suffered personal physical injury of sexual assault, and has and will continue to suffer, psychological, mental and emotional distress, including but not limited to depression, anxiety, anger/agitation, loss of appetite, trouble concentrating, feeling degraded, loss of enjoyment of life, guilt, shame, humiliation, embarrassment, fear, fatigue, helplessness, loneliness, nightmares, PTSD, impairment of

relationships, loss of self-esteem, sleeplessness, stomach problems, stress, difficulty with trust, and all associated economic injury.

32.     These damages were all suffered as general, special and consequential damages of Plaintiff, in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

### FIRST CAUSE OF ACTION
### SEXUAL BATTERY (Cal. Civ. Code §1708.5)
### (Against Defendant Songz and Songz Productions)

33.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

34.     DEFENDANT SONGZ intentionally, recklessly and wantonly sexually assaulted Plaintiff with the intent to, and did result in, harmful and offensive contact with intimate parts of Plaintiff's person.

35.     DEFENDANT SONGZ did the aforementioned acts with the intent to cause a harmful and/or offensive contact with an intimate part of Plaintiff's person that would offend any reasonable sense of personal dignity.  Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend any reasonable sense of personal dignity.

36.     The aforementioned acts constitute criminal sexual conduct pursuant to the California Penal Code.

37.     Plaintiff did not give consent to such acts.

38.     As a direct, legal, and proximate result of such acts of DEFENDANT SONGZ, Plaintiff sustained serious and permanent injuries to her person, all of which are damages in an amount to be shown according to proof and within the jurisdiction of the Court.

39.     In subjecting Plaintiff to the abusive, humiliating, shocking and unlawful treatment herein described, DEFENDANT SONGZ acted maliciously with the intent to harm Plaintiff, and in conscious disregard to Plaintiff's rights, constituting malice and oppression under Cal. Civ. Code § 3294.

40.     Plaintiff is entitled to general, special, and punitive damages in an amount to be proven at trial but seeks no less than the jurisdictional minimum for an unlimited civil action in this Court.

**SECOND CAUSE OF ACTION**
**SEXUAL ASSAULT**
**(Against Defendant Songz and Songz Productions)**

41.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

42.     DEFENDANT SONGZ, in doing the things herein alleged, including intending to subject Plaintiff to sexual assault, intended to cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent apprehension of such contact.

43.     In doing the things herein alleged, Plaintiff was put in imminent apprehension of a harmful or offensive contact by DEFENDANT SONGZ, and actually believed that DEFENDANT SONGZ had the ability to make harmful or offensive contact with Plaintiff's person.

44.     Plaintiff did not consent to DEFENDANT SONGZ harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact.

45.     In doing the things herein alleged, DEFENDANT SONGZ violated Plaintiff's right, pursuant to Cal. Civ. Code §43, of the protection from bodily restraint or harm, and from personal insult.

46.     In doing the things herein alleged, DEFENDANT SONGZ violated his duty pursuant to Cal. Civ. Code §1708, to abstain from injuring the person of Plaintiff or infringing upon Plaintiff's rights.

47.     As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and will continue to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

48.     Plaintiff is informed and based thereon alleges that the conduct of DEFENDANT SONGZ was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and was carried out with a conscious disregard of the Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to Cal. Civ. Code § 3294.

49.     Plaintiff is entitled to general, special, and punitive damages in an amount to be proven at trial but seeks no less than the jurisdictional minimum for an unlimited civil action in this Court.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE (Cal. Civ. Code § 1714a)**
**(Against Defendant Songz and Songz Productions)**

50.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

51.    Plaintiff has pled that DEFENDANT SONGZ's conduct as described herein was intentional.   In the alternative, Plaintiff alleges that DEFENDANT SONGZ's conduct was unreasonable and thus negligent.   At a minimum, DEFENDANT SONGZ failed to exercise the standard of care that any reasonably prudent person would have exercised in a similar situation. There is a general obligation in California to exercise ordinary care and skill in the management of one's person and/or property to avoid injury to others.   *See* Cal. Civ. Code §1714(a) and *Burns v. Neiman Marcus Grp., Inc*., 173 Cal. App. 4th 479 (2009).   The elements of a negligence cause of action are (1) a legal duty to use care, (2) a breach of this legal duty, and (3) the breach of this duty was the proximate or legal cause of the resulting injury. *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 50 Cal. Rptr. 2d 309, 911 P.2d 496 (1996).

52.    DEFENDANT SONGZ breached that duty in at least the following ways by:

        a.   Failing to warn Plaintiff about DEFENDANT SONGZ's sexual proclivities, and his abusive behavior towards women prior to Plaintiff attending the Event;

        b.   Failing to take affirmative steps while Plaintiff was at the Event to control his sexual proclivities and abusive behavior;

        c.   Sexually abusing and assaulting Plaintiff;

        d.   Failing to obtain Plaintiff's consent before sexually abusing plaintiff.

53.    Plaintiff was harmed and offended by DEFENDANT SONGZ's outrageous and reckless conduct giving rise to this cause of action. DEFENDANTS SONGZ's tortious conduct constitutes oppression, fraud, or malice pursuant to Cal. Civ. Code § 3294.

54.    DEFENDANT SONGZ'S negligence was a legal, proximate, and producing cause of damage to Plaintiff.

1   55.   Plaintiff is entitled to general, special, and punitive damages in an amount to be

2   proven at trial but seeks no less than the jurisdictional minimum for an unlimited civil action in this

3   Court.

4

5

6   **FOURTH CAUSE OF ACTION NEGLIGENT SUPERVISION**
    (Against Defendant Liles,
7   Atlantic Records and DOES 1-50)

8   56.   Plaintiff re-alleges and incorporates by reference herein each and every allegation

9   contained herein above as though fully set forth and brought in this cause of action.

10

11   57.   Defendants Liles' and Atlantic Records' conduct, actions, and failure to act served to

12   enable DEFENDANT SONGZ to sexually assault Plaintiff while Plaintiff attended a DEFENDANT

13   SONGZ performance.

14   58.   As a record label, Atlantic Records is responsible for promoting, producing, and

15   distributing DEFENDANT SONGZ music and facilitating, overseeing, and coordinating

16   DEFENDANT SONGZ's concerts and appearances at events.  Atlantic Records had the ability to

17   select, instruct, supervise, and control DEFENDANT SONGZ.  Atlantic Records had the ability to

18   control, correct, and monitor DEFENDANT SONGZ both as a performer and while DEFENDANT

19   SONGZ remained at a performance location after his performance. Atlantic Records' level of control

20   created a special relationship with DEFENDANT SONGZ.  Atlantic Records was negligent in its

21   duty to Plaintiff by failing and refusing to control, correct or take action to prevent the foreseeable

22   sexual and physical abuse suffered by Plaintiff at the hands of DEFENDANT SONGZ.

23   59.   As DEFENDANT SONGZ's manager, Defendant Liles was also responsible for

24   oversight, management, and control of DEFENDANT SONGZ.  Defendant Liles had the ability to

25   control, correct, and monitor DEFENDANT SONGZ both while performing and while remaining at

26

27

28

a location after a performance.  Defendant Liles also had a special relationship with DEFENDANT SONGZ.

60.    Defendant Liles was negligent in his duty to Plaintiff by failing and refusing to control, correct or take action to prevent the foreseeable sexual and physical abuse suffered by Plaintiff at the hands of DEFENDANT SONGZ.

61.    Atlantic Records and Defendant Liles, by virtue of their control and special relationship with DEFENDANT SONGZ, both had the duty to ensure DEFENDANT SONGZ did not sexually assault Plaintiff while she attended a DEFENDANT SONGZ performance. Atlantic Records and Defendant Liles had the additional duty to protect Plaintiff from the clearly foreseeable harm of sexual assault occurring at a DEFENDANT SONGZ performance.

62.    Atlantic Records and Defendant Liles knew or should have known that DEFENDANT SONGZ had the sexual proclivity to assault and abuse women.

63.    Atlantic Records and Defendant Liles had a duty of reasonable care to enact policies and procedures to protect attendees, like Plaintiff, at DEFENDANT SONGZ performances and events.

64.    Atlantic Records and Defendant Liles were negligent by failing and refusing to timely and properly educate, train, supervise, and or monitor their agents, servants, and/or employees with regard to policies and procedures that must be followed when sexual abuse by an artist such as DEFENDANT SONGZ is known, suspected, or foreseeable.

65.    Alternatively, through their conduct and misfeasance, Atlantic Records and Defendant Liles undertook a certain course of conduct, including their placement of DEFENDANT SONGZ at the Event, that created a foreseeable risk of harm to Plaintiff and assumed a duty to act with reasonable care.

66.     Upon information and belief, Atlantic Records and Defendant Liles did nothing.

67.      Atlantic Records' and Defendant Liles' conduct was a legal, proximate, and producing cause of damage to Plaintiff.

68.     In failing to supervise DEFENDANT SONGZ and/or its employees at a DEFENDANT SONGZ performance, Atlantic Records and Defendant Liles, and each of them, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression under Cal. Civ. Code §3294.

69.     Plaintiff is entitled to general, special, and punitive damages in an amount to be proven at trial but seeks no less than the jurisdictional minimum for an unlimited civil action in this Court.

**FIFTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

70.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

71.     DEFENDANT SONGZ intended his outrageous behavior toward Plaintiff on August 25, 2013, and knew or should have known that pain, injury, and extreme emotional distress would likely result.  DEFENDANT SONGZ consciously and intentionally orchestrated and participated in the sexual assault of Plaintiff.

72.     Atlantic Records and Defendant Liles were aware of or should have been aware of DEFENDANT SONGZ's history of sexual abuse and created a foreseeable risk of harm to Plaintiff yet did nothing to prevent DEFENDANT SONGZ from sexually abusing Plaintiff while Plaintiff attended a DEFENDANT SONGZ performance.

1  73.   DEFENDANT SONGZ's conduct exceeded all bounds of decency and is abhorrent

2  and utterly intolerable in a civilized society.

3  74.   Defendants Atlantic Records' and Defendant Liles' inaction and negligence in

4  preventing harm to Plaintiff is utterly intolerable in a civilized society and exceeded all bounds of

5  decency.

6

7  75.   DEFENDANT SONGZ's conduct was intentional and/or reckless.

8  76.   Defendants Atlantic Records' and Defendant Liles' conduct was at the least reckless

9  and shockingly irresponsible and caused harm to Plaintiff.

10  77.   A reasonable person would not expect or tolerate the sexual assault and abuse suffered

11  by Plaintiff at the hands of DEFENDANT SONGZ.  Nor would a reasonable person expect to tolerate

12  the complete indifference that Defendants Atlantic Records and Defendant Liles, have demonstrated

13  when failing to take action to prevent the foreseeable sexual assault and abuse suffered by Plaintiff

14  while Plaintiff attended a DEFENDANT SONGZ performance.

15

16  78.   As a result of Defendants' conduct, Plaintiff sustained severe emotional distress,

17  physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation,

18  depression, and other physical and emotional injuries, and damages (both economic and

19  noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by

20  Plaintiff are substantial, continuing, and permanent.

21

22  79.   In subjecting Plaintiff to the horrific acts herein described, Defendants, and each of

23  them, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of

24  Plaintiff's rights, so as to constitute malice and oppression under Cal. Civ. Code §3294.

25  80.   Plaintiff is entitled to general, special, and punitive damages in an amount to be

26  proven at trial but seeks no less than the jurisdictional minimum for an unlimited civil action in this

27  Court.

28

### ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff, prays for Judgment against all Defendants, and each of them, as follows:

1. For past, present and future general and special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount no less than ten million dollars, $10,000,000.

2. Any appropriate statutory damages, including but not limited to attorneys' fees;

3. For cost of suit;

4. For pre and post-judgment interest as allowed by law;

5. For attorneys' fees pursuant to the aforementioned statutes and otherwise allowable by law:

   California Code of Civil Procedure §1021

6. For exemplary and punitive damages in an amount to be determined at trial;

7. For such other and further relief as the court may deem proper.

Dated: May 25, 2023              **VRABECK AND ASSOCIATES, INC.**

                                        By:   /s/ George Vrabeck
                                              GEORGE VRABECK
                                              Vrabeck & Associates, Inc.
                                              Attorneys for Plaintiff, Jane Doe

1

## PROOF OF SERVICE

2

3   JANE DOE v TREMAINE ALDON NEVERSON
4   "aka" Trey Songz, et al.                                    Case No.:

5               STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

6          At the time of service, I was over 18 years of age and not a party to this action. My business
    address is 2618 San Miguel Drive, Suite 1551, Newport Beach, CA 92660.
7
           June 1, 2023, I served true copies of the following document(s):
8

9                                           **COMPLAINT**

10

11         I served the document(s) on the following persons at the following address via electronic
    transmission:
12
            Moe Tangman, Esq.                            Michael G. Freedman, Esq.
13
            Davis Wright Tremaine LLP                    The Freedman Firm PC
14          For Kevin Liles,                             For Trey Songz and Songz Productions, LLC
            and Atlantic Records                         10100 Santa Monica Blvd., Suite 300
15          1300 SW Fifth Avenue, Suite 2400            Los Angeles, CA 90067
            Portland, OR 97201                           michael@thefreedmanfirm.com
16          MoeTangman@dwt.com

17

18         I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
19

20          Date:   June 1, 2023                         */s/ George Vrabeck*

21

22

23

24

25

26

27

28

1   George James Vrabeck (SBN: 206195)
        gvrabeck@vrabeck.com
2   **VRABECK & ASSOCIATES, INC.**
    2618 San Miguel Drive
3   Suite 1551
    Newport Beach, CA 92660
4   Phone: 646 504 0159

5

6   Attorney for Plaintiff JANE DOE

7

8                **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  

| | |
|---|---|
| JANE DOE, an individual, | Case No. |
| | |
| Plaintiff, | |
| | |
| vs. | **DECLARATION OF COUNSEL GEORGE VRABECK FOR PLAINTIFF JANE DOE PURSUANT TO C.C.P. §340.16 (c)(3)** |
| | |
| TREMAINE ALDON NEVERSON "aka" Trey Songz, an individual, TREY SONGZ PRODUCTIONS, LLC, a Delaware Limited Liability Company, KEVIN LILES, an individual, ATLANTIC RECORDS GROUP, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive, | |
| | |
| Defendants. | |

1

2

I, George Vrabeck, declare and state as follows:

3

1.  I am an attorney duly admitted to practice before this Court.  I am an attorney for

4

Vrabeck & Associates, Inc, attorneys of record for JANE DOE (the "Plaintiff").  I

5

submit this declaration pursuant to section 340.16(c)(3) of the California Code of Civil

6

Procedure, without waiving and as all related objections and privileges, including but

7

not necessarily limited to, the attorney work product doctrine (see CCP §§ 2018.020,

8

2018.030), the premature disclosure of expert witness (see CCP §§ 3034.210, 2034.220,

9

2034.270), and the improper disclosure of consultants (see South Tahoe Public Utilities

10

District v. Superior Court, 90 Cal.App.3d 135 179); Sanders v. Superior Court, 34

11

Cal.App.3d 270 (1973); Sheets v. Superior Court, 257 Cal.App.2d 1 (1967)).  I have

12

personal knowledge of the following facts and if called to testify could and would do so

13

14

under oath as follows:

15

2.  I have been practicing law for over twenty (20) years.  My legal practice has included

16

representing victims of sexual assault, sexual abuse and sexual harassment in civil

17

litigation against third-party entities and the perpetrators of such conduct.

18

19

3.  I am one of the attorneys for the plaintiff named herein as JANE DOE in the complaint

20

filed in the United States District Court, Central District of California against Tremaine

21

Aldon Neverson, Trey Songz Productions, LLC, Kevin Liles, and Atlantic Records

22

Group, LLC over alleged sexual assault and sexual battery that occurred on April 25,

23

2013, while Plaintiff Foxwoods's Liquid Sundays with Trey Songz" located at the

24

Mashantucket Pequot Tribal Nation's Foxwood's Resort Casino located on the

25

Mashantucket Pequot Tribal Nation reservation in Connecticut.

26

27

28

C.C.P. § 340.16 DECLARATION

4. I have reviewed the facts of Plaintiff's case. I have also consulted regarding the case with a board-certified psychiatrist who is a mental health practitioner with extensive experience in psychiatry and the impact of trauma. Based upon my review of the facts in the Plaintiff's case and my consultation with the mental health practitioner, it is my good faith belief that the value of the claims of JANE DOE is more than two hundred and fifty thousand dollars ($250,000).

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 1st day of June 2023, in Orange County, California.

Dated: June 1, 2023

**VRABECK AND ASSOCIATES, INC.**

By:     /s/ George Vrabeck
        GEORGE VRABECK
        Vrabeck & Associates, Inc.
        Attorneys for Plaintiff, Jane Doe